IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PROGRESSIVE PREFERRED INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action Number: 3:06-CV-00934 ) |
| JMP ENTERPRISES, INC.; JOHN MARK PARKER; and JENNIFER M. GOLDEN, | ) ) ) ) ) |
| Defendants. | ) |

### MOTION TO AMEND COMPLAINT

COMES NOW the plaintiff, Progressive Preferred Insurance Company ("Progressive"), pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and moves the court for leave to amend its complaint to add late notice as a coverage issue. In compliance with Local Rule 15.1, Progressive is reproducing the entire complaint as amended.

_____
R. Larry Bradford, Attorney for Plaintiff
Progressive Preferred Insurance Company
Attorney Bar Code: BRA039

OF COUNSEL:

Bradford & Sears, P.C.
2020 Canyon Road
Suite 100
Birmingham, AL 35216

## CERTIFICATE OF SERVICE

I hereby certify that I have this the 27 day of March, 2007, served a copy of the foregoing on all attorneys of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed as follows:

G. Houston Howard, Esq.
Howard, Dunn, Howard & Howard
P.O. Box 1148
Wetumpka, Alabama 36092

Mr. John Mark Parker
JMP Enterprises
P.O. Box 3501
LaGrange, Georgia 30242

                                                    /s/ *signature*
                                                  OF COUNSEL

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PROGRESSIVE PREFERRED INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action Number: 3:06-CV-00934<br>) |
| JMP ENTERPRISES, INC.;<br>JOHN MARK PARKER; and<br>JENNIFER M. GOLDEN, | )<br>)<br>)<br>) |
| Defendants. | ) |

## AMENDED COMPLAINT

### PARTIES AND JURISDICTIONAL ALLEGATIONS

1. The plaintiff, Progressive Preferred Insurance Company ("Progressive"), is an insurance company incorporated and organized under the laws of the state of Ohio, having its principal place of business in the state of Ohio.

2. The defendant, JMP Enterprises, Inc. ("JMP"), is corporation incorporated and organized under the laws of the state of Georgia, having its principal place of business in LaGrange, Georgia. Its owner is the defendant, John Mark Parker ("Parker"), who is an individual over the age of 19 years and is a resident citizen of the state of Georgia.

3.  The defendant, Jennifer M. Golden ("Golden"), is the plaintiff in an underlying state court case. She is over the age of 19 years and is a resident citizen of the state of Alabama.

4.  The amount in controversy exceeds, exclusive of interest and cost, the sum of $75,000. Golden is seeking an unspecified amount of compensatory and punitive damages as the result of the damages to her mobile home as well as fraudulent representations relating to it.

5.  Jurisdiction is predicted on diversity of citizenship and the amount in controversy, 28 U.S.C. §1332, and on the Declaratory Judgment Act, 28 U.S.C. §2201.

## UNDERLYING COMPLAINT

6.  Golden filed a complaint against Parker and an amended complaint against JMP as well as other defendants arising out of the purchase of her mobile home from Deer Valley Homebuilders, Inc. on April 27, 2005. The complaint is styled <u>Jennifer M. Golden v. Deer Valley Homebuilders, Inc., et al.</u>, in the Circuit Court of Lee County, Alabama, civil action number CV-2006-106. A true and correct copy of the complaint is attached as exhibit "A" and incorporated by reference. Progressive will amend its complaint to attach the amended complaint when it is received by it.

7. The complaint seeks damages against JMP and Parker in count XII for negligent delivery and installation of the mobile home. It seeks damages in count XIII for wanton delivery and installation of the mobile home. It seeks damages in count XIV for breach of implied warranty that the home would not be damaged during delivery and installation. It seeks damages in damages in count XV for fraudulent failure to disclose that JMP and Parker were not properly licensed to install mobile homes.

## POLICY PROVISIONS

8. Progressive issued a policy of commercial automobile insurance to JMP. The policy number was 08263817-0. The policy was in effect from August 1, 2004 to August 1, 2005. Progressive is attaching a certified copy of its policy as exhibit "B".

9. The policy provided liability coverage for compensatory damages which JMP and Parker were liable because of an "accident".

10. The term "accident" was defined in definition eight to generally mean a sudden, unexpected and unintended event that causes damage and arising out of the "ownership, maintenance or use of your insured auto." The term "your insured auto" was defined in definition nine to include any auto described on the declarations page.

11. The policy excluded coverage in exclusion one for expected or intended damages. It excluded coverage in exclusion nine for property damage to any property being transported or in the charge of the insured. It excluded coverage in exclusion ten for property damage caused by the loading or unloading of property.

12. The policy required the insured to report an accident or loss to Progressive as soon as practicable. It further required the insured to promptly send Progressive any and all legal papers received relating to any claim or lawsuit. Here, JMP and Parker violated the notice provisions of the policy. They never notified Progressive of the claim and did not timely notify Progressive of the lawsuit. In fact, Progressive's first notice was a letter from Golden's attorney dated April 13, 2006 which was approximately one year after the mobile home was delivered and set-up and approximately two months after the lawsuit was filed by Golden in state court.

## JUSTICIABLE CONTROVERSY

13. It is Progressive's position that JMP and Parker are not entitled to coverage under the Progressive policy. The damage to Golden's mobile home was not caused by an "accident" as that term is defined in the policy which includes a requirement that the damage arise out of the ownership, maintenance or use of the insured auto.

14. Further, coverage is excluded by the exclusions in the policy, including the exclusion for contractual liability in exclusion two.

15. Further, JMP and Parker are not entitled to coverage because they violated the notice requirements in the policy.

16. Finally, the Progressive policy does not cover punitive damages.

17. There is a judicable controversy which requires the court to declare the rights and obligations of the parties under the Progressive policy.

## REQUESTED RELIEF

WHEREFORE, the premises considered, Progressive requests the court to grant the following relief:

A. Declare that the Progressive policy does not provide liability coverage for JMP and Parker for the allegations of the complaint as amended; and

B. Grant Progressive such other or different relief to which it may be entitled in this case.

*[signature]*
R. Larry Bradford, Attorney for Plaintiff,
Progressive Preferred Insurance Company
Attorney Bar Code: BRA039

OF COUNSEL:

Bradford & Sears, P.C.
2020 Canyon Road
Suite 100
Birmingham, AL 35216

## CERTIFICATE OF SERVICE

I hereby certify that I have this the **27** day of March, 2007, served a copy of the foregoing on all attorneys of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed as follows:

G. Houston Howard, Esq.
Howard, Dunn, Howard & Howard
P.O. Box 1148
Wetumpka, Alabama 36092

Mr. John Mark Parker
JMP Enterprises
P.O. Box 3501
LaGrange, Georgia 30242

*[signature]*
OF COUNSEL